## Levi *vs* Evans.

### APPEAL FROM THE HARRISON CIRCUIT.

*Assignor and assignee. Diligence. Evidence.*

ASSUMPSIT.

Case 32.

October 8.

CHIEF JUSTICE EWING delivered the opinion of the Court.

THIS is an action of assumpsit, brought by Evans against Levi, upon an assignment of a note on Pleasant Tilly and Wm. Tilly, made by Levi to Evans, and a return of *nulla bona.* It was certainly the duty of Evans, the assignee and holder of the assigned note, to pursue, with due diligence, every reasonable means which the law afforded, and which the assignor, had he the possession and control of the note, would in all reasonable likelihood have used to make the debt out of the obligor before he can take his recourse against the assignor. That has not been done in this case.

The assignor is not liable upon his assignment though there be a return of *nulla bona* when property is levied on and taken from the officer by writ of replevin, unless assignee loose the property in the replevin suit duly prosecuted, or is able to show that the property levied on was not subject.

1st. It appears that several articles of property were levied on and the Sheriff returns that they were taken out of his possession by a writ of replevin, sued out by a third person. It does not appear what has become of this property. It was the duty of Evans to defend the replevin, and subject the property to the payment of his judg-

If the debtor have property, tho' mortgaged, the assig'ee must sell the equity of redemption, or compel a' forel closure if the debts secured are less than the value of the property, and appropriate the balance if any after satisfying the mortgage to the payment of the debt assigned, before the assignor is liable. Proof by the assignor in a suit by the assignee upon the assignm't that the debtor had property mortgaged worth more than the debts secured, is competent. The return of nulla bona is not conclusive, but only prima-facie evidence against the assignor.

ment, if he could, or show satisfactorily that it was not liable. He had no right to abandon the pursuit of the property levied on, and upon a return of no other property, upon that or a subsequent execution, to sustain his action for recourse against the assignor.

2d. If Tilly was in possession of property mortgaged to secure other creditors, more than sufficient to pay their debts, which was known to Evans, or presumed to be known; it was his duty to pursue that property by a sale of the equity of redemption, by fi. fa., or a proceeding in chancery to subject the excess to the payment of his debt, after satisfying the mortgage creditors the amount of their demands.

The Circuit Court, therefore, erred in excluding the proof offered to establish the facts in relation to the value of the mortgaged property and debts, and means of knowledge on the part of Evans or the officer. The return of nulla bona is not conclusive but only prima facie evidence of the insolvency of the obligors: McFadden vs French et al., (3 B. Monroe, 121.)

For these errors the judgment is reversed and cause remanded, that a new trial may be granted without the payment of costs.

Curry for appellant; J. Trimble for appellee.